MICHAEL L. FRADIN
*mike@fradinlaw.com*
LAW OFFICE OF MICHAEL L. FRADIN
8401 Crawford Ave. Ste. 104
Skokie, IL 60076
Telephone: 847/986-5889
Facsimile: 847/673-1228
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| JUNE CALHOUN and<br>JOSE DE FREITAS<br>                    Plaintiffs,<br><br>         *v.*<br><br>UNITED AIRLINES, INC.<br>                    Defendant, | Case No. ----------<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br>    **1.  FRCP 23 Class Action: Americans with<br>        Disabilities Act**<br><br>**DEMAND FOR JURY TRIAL**<br><br>         Judge -------<br>         Magistrate Judge ------ |

## I.    Preliminary Statement

1.     Plaintiffs, June Calhoun and Jose De Freitas, by and through their undersigned

attorney, Michael L. Fradin, bring this action on behalf of themselves and all others similarly situated

against Defendant, United Airlines, Inc., (United Airlines) and alleges as follows:

## II.    Introduction

2.     This is an action under Title I of the Americans with Disabilities Act of 1990 and

Title I of the Civil Rights Act of 1991 ("ADA") to correct unlawful employment practices on the

basis of disability and to provide appropriate relief to June Calhoun and other aggrieved individuals

who were adversely affected by the unlawful employment practices. As alleged with greater

particularity below, Defendant engaged in a pattern or practice of violating the ADA by refusing to accommodate employees with disabilities, terminating employees with disabilities, and failing to rehire employees. Defendant's actions followed from a 100% return-to-work policy that requires employees to return to work without restrictions.

**III.**  **Jurisdiction and Venue**

3.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331,

1337, and 1343. This action is authorized and instituted pursuant to Section 107(a)

of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1)

and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1) and (3) & § 2000e-6.

4.     Venue is proper in this judicial district because the facts and events giving rise to the named Plaintiffs' claims occurred in this judicial district. 28 U.S.C. §1391.

**IV.**  **The Parties**

**A.  Plaintiffs**

5.     Plaintiff June Calhoun is a resident of Illinois and a person with a disability (epilepsy, osteoarthritis, meniscus tear in right knee, sleep apnea, and shift work disorder) as defined by the Americans with Disabilities Act;

6.     Plaintiff Jose De Freitas is a resident of Tennessee and a person with a disability (degenerative cervical disc disease, intractable axial neck pain) as defined by the Americans with Disabilities Act;

**B.  Defendant**

7.     At all relevant times, Defendant United Airlines was an Illinois Corporation and has continuously been doing business in the State of Illinois and has continuously had at least 15 employees.

PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL

8.      Defendant United Airlines has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g)and (h).

9.      At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

**V.  General Allegations**

10.      Plaintiffs and a class of employees and former employees have disabilities within the meaning of the ADA, 42 U.S.C. § 12102(2), and are qualified individuals with disabilities under the ADA, 42 U.S.C. 12111(8), and have sought reasonable accommodations, including reassignment, from Defendant related to their disabilities.

11.      All conditions precedent to the institution of this lawsuit, including conditions precedent to proceeding as a class, have been met.

12.      On or about November 21, 2014, Plaintiff Jose De Freitas filed a charge of discrimination that included class allegations and that is attached at exhibit 1.

13.      On or about August 18, 2015 June Calhoun filed an amended charge of discrimination that is attached as exhibit 2.

14.      On or about November 19, 2015, Plaintiff Jose De Freitas filed a second charge of discrimination that is attached as exhibit 3.

15.      The Equal Employment Opportunity Commission  (EEOC) has issued right to sue letters which are attached as exhibits 4-6 to this Complaint.

16.       An October 26, 2018 report from the District Director of the EEOC included findings of class discrimination by Defendant and is attached herein as Exhibit 7.

PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL

17.     Defendants have engaged in unlawful employment practices in violation of Sections 102(a), 102(b)(3), 102(b)(5)(A), 102(b)(5)(B), 102(b)(6) and 503 of Title I of the ADA, 42 U.S.C. §§ 12112(a), (b)(5)(A), (b)(5)(B), and 12203.

18.     At all relevant times, Defendant has had a 100% return-to-work policy that requires employees to return to work without restrictions.

19.     The Plaintiffs and other aggrieved individuals have disabilities within the meaning of the ADA, 42 U.S.C. § 12102(2),

20.     The Plaintiffs and other aggrieved individuals are qualified individuals with disabilities under the ADA, 42 U.S.C. 12111(8), in that they could perform the duties of their jobs with or without reasonable accommodation, including, where necessary, reassignment.

21.     The Plaintiffs and other aggrieved individuals are qualified individuals with disabilities under the ADA, 42 U.S.C. 12111(8).

22.     Defendant did not provide reasonable accommodations to the Plaintiffs and other aggrieved individuals.

23.     Defendant required Plaintiffs and other aggrieved individuals to apply for and compete for vacant positions instead of considering reassignment as a reasonable accommodation.

24.     Defendant terminated and/or forced retirement on Plaintiffs and other aggrieved individuals or placed them on unpaid leave.

25.     Defendant also refused to rehire Plaintiffs as well as other aggrieved individuals because of their disabilities and/or because Defendant regarded them as disabled.

26.     Defendant refused to allow Plaintiffs as well as other aggrieved individuals to transfer.

**VI.     ADA Class Definitions and Allegations**

27.     Plaintiffs bring this action on behalf of themselves and all members of the ADA class, defined as follows:

> Current and former employees of United Airlines who were employed between January 25, 2014 through the date that class certification is granted and who had/has a physical or mental impairment and who was/is unable to continue working in his/her regular position and who has applied for and was/is not selected for a vacant available position as part of the reassignment reasonable accommodation process.

28.     Plaintiffs and the members of the ADA Class are similarly situated in that they were all subject to the same discriminatory practices.

29.     Plaintiffs seek to recover money damages and injunctive relief for themselves and the ADA Class.

### A.  Rule 23 Allegations

#### 1.  Numerosity (Rule 23(a)(1)).

The potential quantity of members of the proposed ADA Class as defined is so numerous that joinder of all members would be unfeasible and impractical. Plaintiffs are informed and believe that the total number of current and formerly employed members of the ADA Class number is in the hundreds.

#### 2.  Existence of Common Questions of Law and Fact (Rule 23(a)(2)).

There are common questions of law and fact as to the members of the ADA Class which predominate over questions affecting only individual members such as whether or not Defendant maintains an employment policy that fails to comply with the Americans with Disabilities Act.

#### 3.  Typicality (Rule 23(a)(3)).

PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL

The claims of the Plaintiffs are typical of the claims of all members of the ADA Class they seek to represent because all members of the ADA Class sustained injuries and damages arising out of Defendant's policy that violates the ADA.

**4. Adequacy (Rule 23(a)(4)).**

Plaintiffs are adequate representatives of the proposed ADA Class they seek to represent because they will fairly protect the interests of the members of the ADA Class, they have no interests antagonistic to the members of the ADA Class, and they will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type.

**5. Injunctive and Declaratory Relief (Rule 23(b)(2)).**

Injunctive Relief is appropriate pursuant to Rule 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the members of the ADA Class, so that final injunctive relief as requested herein is appropriate respecting the ADA Class as a whole.

**6. Predominance and Superiority of Class Action (Rule 23(b)(3)).**

The nature of this action and the nature of the laws available to members of the ADA Class make the use of the class action format particularly efficient and the appropriate procedure to afford relief to them for the wrongs alleged herein, for the following reasons:

   a. By establishing a technique whereby the claims of many individuals can be resolved at the same time, the class suit both

PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL

eliminates the possibility of repetitious litigation and provides small claimants with a method of obtaining redress for claims which would otherwise be too small to warrant individual litigation;

b. This case involves a large number of individual class members. If each individual member was required to file an individual lawsuit, the Defendants would necessarily gain an unconscionable advantage because it would be able to exploit and overwhelm the limited resources of each individual class member with its vastly superior financial and legal resources;

c. Requiring each individual member to pursue an individual remedy would also discourage the assertion of lawful claims by class members, who would be disinclined to pursue action against Defendant because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being;

d. Proof of a common business practice of ADA violations will provide the common proof to establish liability against Defendant;

e. Absent class treatment, the prosecution of separate actions by the individual members of the ADA Class, even if possible, would likely create:

PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL

      i. a substantial risk of each individual plaintiff presenting in separate, duplicative proceedings the same or essentially similar arguments and evidence, including expert testimony;

      ii. a multiplicity of trials conducted at enormous expense to both the judicial system and the litigants;

      iii. inconsistent or varying verdicts or adjudications; and

      iv. potentially incompatible standards of conduct for Defendant.

f. The claims of the individual members of the ADA Class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attendant thereto;

g. Courts seeking to preserve efficiency and other benefits of class actions routinely fashion methods to manage any individual questions; and

h. Judicial precedent urges trial courts, which have an obligation to consider the use of innovative procedural tools to certify a manageable class, to be procedurally innovative in managing class actions.

30. Finally, adjudicating this action on a class basis is appropriate because liability turns on Defendant's own uniform and systematic policy which deprives its employees of ADA rights. Class-wide liability can be determined through manageable devices of common proof such as

PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL

statistical random sampling, survey evidence based on scientific principles, representative testimony, documentary evidence and Defendant's common policies and practices.

31.     Plaintiffs do not contemplate class notice if the ADA Class is certified under Rule 23(b)(2), which does not require notice, and notice to the putative Class may be accomplished through publication, or other forms of distribution, if necessary, if the Class is certified under Rule 23(b)(3), or if the Court otherwise determines class notice is required. Plaintiffs will, if notice is so required, confer with Defendant and seek to present the Court with a stipulation and proposed order on the details.

### FIRST CLAIM FOR RELIEF
**Pattern or Practice of Failing to Accommodate Employees**
(42 U.S.C. §§ 12112(a) and (b)(5)(A))

32.     The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

33.     Defendant maintained a 100% return to work policy that required employees to return to work without restrictions.

34.     The Plaintiffs and the other aggrieved individuals for whom the Plaintiffs seek relief are disabled as defined in the ADA.

35.     The Plaintiffs and the other aggrieved individuals for whom the Plaintiffs seek relief were able, with or without reasonable accommodation, to perform the essential functions of their positions or could have performed the essential functions of a position obtained through reassignment.

36.     Defendant failed and refused to provide any accommodation, including but not limited to reassignment to the Plaintiffs and the other aggrieved individuals for whom the Plaintiffs seek relief.

PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL

37.     Defendant failed and refused to engage in good faith discussions with the Plaintiffs and the other aggrieved individuals for whom the Plaintiffs seek relief to determine appropriate accommodation.

38.     Defendant failed to provide the Plaintiffs and the other aggrieved individuals for whom the Plaintiffs seek relief any reasonable accommodations, as required under Section 102(b)(5)(A) of the ADA. 42 U.S.C. § 12112(b)(5)(A).

39.     Defendant's failure to provide the Plaintiffs and the other aggrieved individuals for whom the Plaintiffs seek relief with any reasonable accommodation was intentional.

40.     Defendant's failure to provide the Plaintiffs and the other aggrieved individuals for whom the Plaintiffs seek relief any reasonable accommodation was malicious and/or done with reckless indifference to their federally protected rights. The effect of the practices complained of in the foregoing paragraphs has been to deprive the Plaintiffs and the other aggrieved individuals for whom the Plaintiffs seek relief of equal employment opportunities and otherwise adversely affect her or his status as an employee, because of her or his disability.

## SECOND CLAIM FOR RELIEF
### Pattern or Practice of Disparate Treatment
### (42 U.S.C. §§ 12112(a) and (b)(5)(B))

37.     The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

38.     Defendant's policies and/or practices precluding employees from transferring while on leave discriminates on the basis of disability.

39.     Defendant's practice and/or policy of not allowing promotions for employees with medical restrictions discriminates on the basis of disability.

PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL

40. Defendant intentionally terminated and/or forced retirement on Plaintiffs and the other aggrieved individuals for whom the Plaintiffs seek relief because of their disabilities, and/or because they regarded them as disabled, and/or because of the need to provide reasonable accommodation for their disability, in violation of Sections 102(a) and 102(b)(5)(B) of the ADA. 42 U.S.C. §§ 12112(a) and (b)(5)(B).

41. Defendant intentionally refused to rehire Plaintiffs and the other aggrieved individuals for whom the Plaintiffs seek relief because of their disabilities, and/or because they regarded them as disabled, and/or because of the need to provide reasonable accommodation for their disability, in violation of Sections 102(a) and 102(b)(5)(B) of the ADA. 42 U.S.C. §§ 12112(a) and (b)(5)(B).

42. Defendant intentionally refused to allow Plaintiffs and the other aggrieved individuals for whom the Plaintiffs seek relief to transfer because of their disabilities, and/or because they regarded them as disabled, and/or because of the need to provide reasonable accommodation for their disability, in violation of Sections 102(a) and 102(b)(5)(B) of the ADA. 42 U.S.C. §§ 12112(a) and (b)(5)(B).

43. Defendant's discriminatory treatment of the Plaintiffs and the other aggrieved individuals for whom the Plaintiffs seek relief was done with malice or reckless indifference to their federally protected rights.

44. The effect of the practices complained of in the foregoing paragraphs has been to deprive the Plaintiffs and the other aggrieved individuals for whom the Plaintiffs seek relief, of equal employment opportunities and otherwise adversely affect her or his status as an employee, because of her or his disability.

45.     The unlawful employment practices complained of in the foregoing paragraphs were intentional toward the Plaintiffs and the other aggrieved individuals for whom the Plaintiffs seek relief.

46.     The unlawful employment practices complained of in the foregoing paragraphs were done with malice or with reckless indifference to the federally protected rights of the Plaintiffs and the other aggrieved individuals for whom the Plaintiffs seek relief.

**PRAYER FOR RELIEF**

**Wherefore**, the Plaintiffs respectfully request that this Court:

A. Grant a permanent injunction enjoining Defendant and its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from discriminating against employees or applicants because of disability.

B. Grant a permanent injunction enjoining Defendant, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from retaliating against employees or applicants because they request accommodations.

C. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of their past and present unlawful employment practices.

D. Order Defendants to make whole Plaintiffs and the other aggrieved individuals for whom the Plaintiffs seek relief by providing appropriate back pay and benefits with prejudgment interest, compensatory damages in amounts to be proved at trial, and other affirmative and equitable relief necessary to eradicate the effects of its unlawful employment practices, including reinstatement or front pay in lieu thereof.

PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL

E. Order Defendants to make whole Plaintiffs and the other aggrieved individuals for whom the Plaintiffs seek relief by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in the paragraphs above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendants to pay Plaintiffs and the other aggrieved individuals for whom the     Plaintiffs seek relief punitive damages for its malicious or reckless conduct described in the paragraphs above, in amounts to be determined at trial.

G. Award the Plaintiffs their attorneys' fees and costs in this action.

H.  Grant such further relief as the Court deems necessary and proper.


### JURY TRIAL DEMAND

DATED: May 19, 2019                              Respectfully submitted,

                                                *s/ Michael L. Fradin*
                                                Michael L. Fradin

                                                MICHAEL L. FRADIN
                                                *mike@fradinlaw.com*
                                                LAW OFFICE OF MICHAEL L. FRADIN
                                                8401 Crawford Ave. Ste. 104
                                                Skokie, IL 60076
                                                Telephone: 847/986-5889
                                                Facsimile: 847/673-1228

PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL