IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUNE CALHOUN and
JOSE DE FREITAS
          Plaintiffs,

v.

UNITED AIRLINES, INC.
          Defendant,

Case No. 1:19-cv-03397

Judge Harry D. Leinenweber

### PLAINTIFF'S MOTION TO FILE AMENDED COMPLAINT AND REMOVE JUNE CALHOUN AS ONE OF THE NAMED PLAINTIFFS

Pursuant to Rules 15 and 21 of the Federal Rules of Civil Procedure, Plaintiff Jose De Freitas ("Plaintiff"), by and through his undersigned counsel, and on behalf of himself and the putative Class Members, hereby moves the Court for leave to substitute himself as sole named Plaintiff and to file a First Amended Complaint.[1]

### I. SUMMARY

Plaintiff seeks leave to file the proposed amended complaint attached as Exhibit A. The proposed amended complaint has two primary differences from the original complaint.

---

[1] Plaintiff sent the proposed amended complaint to Defendant United Airlines, Inc.'s ("United") counsel late morning on the date of filing and asked if United consented to the amendment. As of filing, United's counsel has advised that United has not yet had sufficient opportunity to determine whether it consents. Plaintiff is filing this motion now so that it may presented at the October 8, 2019 status hearing. If United consents in the interim, Plaintiff's counsel will advise the Court.

First, the proposed amended complaint seeks to remove Plaintiff June Calhoun, leaving Plaintiff De Freitas as sole plaintiff and putative class representative. Ms. Calhoun no longer wishes to serve as a putative class representative. Second, the proposed amended complaint revises and narrows the proposed class definition. For the reasons set forth below, the Court should grant the motion.

A. **The Court Should Allow De Freitas to Act as Sole Plaintiff**

Plaintiff seeks leave to remove June Calhoun as a plaintiff under Federal Rule of Civil Procedure 21. *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party."); *In re Neopharm, Inc. Sec. Litig.*, No. 02-C-2976, 2004 WL 742084, at *1 (N.D. Ill. Apr. 7, 2004) (acknowledging Rule 21 is the appropriate method to remove a named plaintiff in a putative class action).

Likewise, Rule 15(a) of the Federal Rules of Civil Procedure states in pertinent part that "a party may amend its pleading only with . . . the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15. The considerations for motions under Rule 21 are similar to the considerations for motions made under Rule 15 – the moving party must demonstrate an absence of prejudice to the nonmoving party. *In re Neurontin Mktg.*, 810 F. Supp. 2d 366, 370 (D. Mass. 2011). In interpreting Rule 15(a), the Supreme Court has long held that:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962), *on remand*, 316 F.2d 254; *see also Aliano v. Amerigas Partners,* No. 07 4110, 2008 U.S. Dist. LEXIS 85144, at *5 ("Leave to amend a complaint must

be freely given absent undue delay and undue prejudice to the opponent. The complaint merely serves to put defendants on notice and should be freely amended or constructively amend as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant.") (internal citations and quotations omitted).

Here, there are no circumstances present which might otherwise prohibit granting leave to amend. Discovery is just beginning. Accordingly, there has been no "undue delay" on the part of Plaintiff in seeking leave to amend. *See, e.g.*, *Walter Kidde Portable Equip., Inc. v. Universal Sec. Instruments, Inc.*, 669 F. Supp. 2d 895, 898 (N.D. Ill. 2009) (finding no undue delay in seeking leave to amend at similar stage of proceedings).

Similarly, there is no bad faith or dilatory motive in seeking leave to substitute and amend. For personal reasons, Plaintiff Calhoun simply no longer wishes to serve as a class representative and Plaintiff De Freitas does wish to participate in the litigation and serve as a class representative. In addition, United would not suffer any prejudice from the proposed substitution and amendment to remove Plaintiff Calhoun. This case is still in its early stages and the Court has not yet set any discovery deadlines. For these reasons, the Court should grant leave to amend to remove June Calhoun as a plaintiff.

**B.**     **The Court Should Allow the Amendment to the Class Definition**

Plaintiff also seeks to amend his Complaint to provide the following revised class definition:

> Current and former employees of United Airlines, Inc. who were employed at any time between January 25, 2014 through the date that class certification is granted and who had/has a physical or mental impairment and who were/are unable to continue working in his/her regular position and who applied for and were/are not selected for a vacant available position at United and who either (1) were identified by United as meeting minimum requirements for one of the available positions at United; and/or (2) secured an equivalent position at another company.

(*See* Ex. A, ¶24.) As discussed below, this class definition plausibly would allow for certification of a class action.[2]

Under the ADA, a plaintiff employee may potentially pursue a class action based on a discriminatory policy by the employer. *Hendricks-Robinson v. Excel Corp.*, 164 F.R.D. 667, 672 (C.D. Ill. 1996) (granting class certification on issue of whether medical layoff policy, or company's procedure of applying the policy, violated the ADA); *Tate v. United Airlines, Inc.*, No. 16 C 8689, 2017 U.S. Dist. LEXIS 92114, at *3 (N.D. Ill. June 15, 2017) (denying motion to dismiss class action complaint based on failure to accommodate); *Bates v. UPS*, 204 F.R.D. 440 (N.D. Cal. 2001) (plaintiffs alleged that defendant failed to make accommodations for hearing impaired drivers; court granted class certification and ordered bifurcation of liability and damages).

Here, the proposed class definition focuses on United's policy regarding reassignment of disabled employees. Under the ADA, an employer must reassign a disabled employee to a vacant position if he or she meets the minimum requirements for that position. The Seventh Circuit holds that "the ADA does indeed mandate that an employer appoint employees with disabilities to vacant positions for which they are qualified, provided that such accommodations would be ordinarily reasonable and would not present an undue hardship to that employer." *E.E.O.C. v. United Airlines, Inc.*, 693 F.3d 760, 765 (7th Cir. 2012).

The class is also plausibly ascertainable. Although damages would have to be decided on an individual basis, the class members under this proposed definition likely would be ascertainable based on United's own records showing how these class members were evaluated by United.

---

[2] The proposed amended complaint also makes certain cosmetic or technical changes and provides some additional detail regarding United and De Freitas' experience working for United. However, the primary reason for the substantive amendment is the revision to the class definition.

4

Consistent therewith, Plaintiff recently served document requests focusing on records showing how disabled persons who applied for alternative positions were evaluated by United, such as interview forms and evaluations. Plaintiff has not yet received United's document production. However, based on currently available records, United appears to have itself determined that at least some disabled United employees were minimally qualified for alternative positions at United, but United nonetheless failed to reassign these employees. This suggests that, at least as its policy is applied in practice, United has not reassigned disabled employees to vacant positions for which they were minimally qualified and that these employees may be readily ascertained by reviewing United's own records.

WHERFORE, Plaintiff respectfully requests that this Court: (a) grant this motion; (b) grant Plaintiff leave to file Exhibit A; and (c) award any relief that this Court deems proper.

DATED: October 4, 2019                                  Respectfully submitted,

*s/ Michael L. Fradin*
Michael L. Fradin

MICHAEL L. FRADIN
*mike@fradinlaw.com*
LAW OFFICE OF MICHAEL L. FRADIN
8401 Crawford Ave. Ste. 104
Skokie, IL 60076
Telephone: 847/986-5889
Facsimile: 847/673-1228

and

*s/ Adam Waskowski*
Adam Waskowski
WASKOWSKI JOHNSON YOHALEM LLP
954 W. Washington Blvd., #322
Chicago, Illinois 60607
awaskowski@wjylegal.com
Telephone: 312-278-3153

# CERTIFICATE OF SERVICE

  Adam Waskowski, an attorney, hereby certifies that he served the foregoing document by causing a true and correct copy thereof to be emailed to all counsel of record on October 4, 2019.

*s/ Adam Waskowski*
Adam Waskowski
