```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION
```

| | |
|---|---|
| JOSE DeFREITAS,<br><br>              Plaintiff,<br><br>    v.<br><br>UNITED AIRLINES, INC.,<br><br>              Defendant. | Case No. 19 C 3397<br><br>Judge Harry D. Leinenweber |

### MEMORANDUM OPINION AND ORDER

For the reasons stated herein, Defendant's Motion to Strike Plaintiff's Class Claims (Dkt. No. 24) is granted.

### I.   BACKGROUND

Plaintiff brings this putative class action under Fed. R. Civ. P. Rule 23(b)(3) against United Airlines, Inc. ("United"), alleging discrimination against him in violation of the Americans With Disabilities Act ("ADA"). 42 U.S.C. §§ 12111-12213. According to the First Amended Complaint, Plaintiff alleges that he is "a person with a disability, specifically degenerative cervical disc disease and intractable axial neck pain." (First Am. Compl., Dkt. No. 22 ¶ 5.) For "many years" he worked for United as an aircraft technician. (*Id.* ¶ 11.) He alleges that while he can no longer perform the aircraft technician job, he could perform a sedentary position. He states

that he applied for many sedentary positions with United, but he was unsuccessful. However, he was able to secure alternative employment with Federal Express as an aircraft maintenance advisor, a position he alleges is at least as demanding as some of the positions he applied for and did not receive at United.

In his First Amended Complaint, he defines the class he wishes to represent as follows:

> Current and former employees of United Airlines, Inc. who were employed at any time between January 25, 2014 through the date that class certification is granted and who had/has a physical or mental impairment and who were/are unable to continue working in his/her regular position and who applied for and were/are not selected for a vacant available position at United and who either (1) were identified by United as meeting minimum requirements for one of the available positions at United; and/or (2) secured an equivalent position at another company.

(*Id.* ¶ 24.)

The ADA provides as a general rule, that no covered entity shall discriminate against a Qualified Individual with a Disability ("QIWD") "on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). It is a violation of the ADA if an employer fails to make reasonable accommodation to the known physical or mental limitations of an otherwise qualified individual with a

disability who is an applicant or employee, unless the employer can demonstrate that the accommodation would impose an undue hardship on the operation of the business. *Id.* § 12112(b)(5)(A). It is also a violation of the ADA if the employer denies an employment opportunity to a qualified individual with a disability if its denial is based on the need of such employer to make reasonable accommodations to the physical or mental impairments of the employee or applicant. 42 U.S.C. §§ 12112(b)(5)(B). Although the ADA does not mention an "interactive process" with respect to a reasonable accommodation, the regulations do:

> to determine the appropriate reasonable accommodation, it may be necessary for the covered entity to initiate an informal, interactive process with the [QIWD] in need of the accommodation. This process should identify the precise limitations resulting from the disability and the potential reasonable accommodations that could overcome those limitations.

29 C.F.R. § 1630.2(o)(3) (2012).

## II. THE MOTION

United now brings a motion to dismiss the class allegations under Fed. R. Civ. P. 12(b)(6) or to strike them under Fed. R. Civ. P. 12(f). United also cites Fed. R. Civ. P. 23(c)(1)(A) and Fed. R. Civ. P. 23(d)(1)(D). In support, United argues the following: 1) the class definition is not limited to a particular position, location, type of disability, or to those who sought

a reasonable accommodation; 2) Plaintiff does not allege that United has a formal written policy for placement of disabled employees in vacant positions that he contends is unlawful. The net result, according to United, is that such a class is unascertainable.

Plaintiff responds arguing that, accepting all allegations of the Amended Complaint as true, a class claim is plausible and should not be dismissed or stricken. He cites to district case law where ADA employment claims have been allowed. *See e.g.*, *Hendricks-Robinson v. Excel Corp.*, 164 F.R.D. 667, 670-72 (C.D. Ill. 1996).

### III. <u>DISCUSSION</u>

The Supreme Court has held that a class action is an exception to the rule that litigation be conducted by individually named parties only, so long as a class representative is part of the class, possesses the same interest, and suffered the same injury as the class members. *East Texas Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977). It is the plaintiff's burden to demonstrate compliance with Rule 23(a)'s requirement of "numerosity, commonality, typicality, and adequacy of representation." *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 156 (1982). As the Supreme Court pointed out in *Wal-Mart Stores, Inc., v. Dukes*, 564 U.S. 338, 350 (2011), the common

contention made by the plaintiff must be of such a nature "that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." For example, if United had a policy for placement of disabled employees, the legality of such a policy could possibly be amenable to classwide resolution. *See, e.g.*, *Hendricks-Robinson v. Excel Corp.*, 164 F.R.D. 667 (C.D. Ill. 1996) (initially denying class certification because court believed that the plaintiffs would focus on respective injuries and defenses applicable to each class member, instead plaintiffs attacked the employer's layoff policy as violative of the ADA and were granted class status). But, United does not have such a policy, so *Hendricks-Robinson* does not provide authority for this Court to grant ADA class status.

In a typical ADA case, an employee must show that, though disabled, he is qualified to perform the essential functions of the position he seeks, meaning he satisfies the requisite skill, experience, education, and other job-related requirements of that position, and he can perform the essential functions of that position with or without an accommodation. *Dargis v. Sheahan*, 526 F.3d 981, 986 (7th Cir. 2008). It is a defense if the employer can show that no reasonable accommodation is

possible. *Id.* at 988. Furthermore, to establish a disability under the ADA, a plaintiff must show that he has a physical impairment "that substantially limits one or more of the major life activities." *EEOC v. Sears, Roebuck & Co.*, 417 F.3d 789, 797 (7th Cir. 2005). And, to prove a disability, there is a three-step inquiry: (1) whether the condition constitutes an impairment under the ADA; (2) whether the specific activity constitutes a major life activity; and (3) whether the impairment substantially limits the performance of the major life activity. *Id.* Thus, the specific issues usually raised in an ADA case can include: (1) whether the employee has a covered disability; (2) whether the employer perceives the employee as disabled; (2) whether there is a job available that the employee is qualified to perform (4) with or without an accommodation; (5) the type of accommodation needed, if any; (6) whether the accommodation is reasonable, *i.e.*, will not impose a hardship on the employer; and (7) whether the employee and employer engaged in the interactive process.

    The Court can conceive of no way such questions can be answered on a classwide basis and, other than the proposed class qualification that the class member needs to have obtained employment with another employer, none is suggested by Plaintiff. He also fails to cite any case law, outside of

*Hendricks-Robinson,* where an ADA class was certified. Moreover, the Seventh Circuit has stated that the question of a disability is "an individualized one, and must be determined on a case-by-case basis." *DePaoli v. Abbott Labs.*, 140 F.3d 668, 672 (7th Cir. 1998). Certainly, whether an employee is disabled is often a crucial issue in an ADA employment case, as is whether the disability can be accommodated. Just because an individual employee may have been discriminated against, absent a formal policy alleged to cause the discrimination, a significant "gap" is raised that needs to be bridged to conclude that the discrimination was a result of a company policy. *Wal-Mart Stores*, 564 U.S. at 352–55.

United, as stated previously, argued that the class proposed by Plaintiff is unascertainable, which is a requirement of obtaining class status under Seventh Circuit law. Plaintiff seeks to avoid this by including in his proposed class definition what he considers to be an objective test that will allow the class to be ascertained. By this definition, he attempts to limit the class to "current or former employees of United Airlines who . . . secured an equivalent position at another company." (First Am. Compl. ¶ 24.)

This attempt to create an objective test gives rise to many more questions: (1) what are equivalent positions, (2) how would

they be determined on a classwide basis, (3) what are the essential functions of the available jobs at United and of the jobs at third-party employers, and (4) what happens if United disagrees with the third-party employer as to a job's essential functions. An employer is entitled to prescribe a job's essential functions provided it requires all employees in a particular position to perform the same essential functions. *DePaoli*, 140 F.3d at 674.

Plaintiff argues that United attempts to impose a "heightened ascertainability" standard that was adopted by the Third Circuit but rejected by the Seventh Circuit. This so-called "heightened ascertainability" standard is not relevant here. The Third Circuit's standard makes it more difficult to obtain class action status in consumer product litigation. The Seventh Circuit's stated reason for not adopting the heightened ascertainability requirement is that if effectively bars class actions where "class treatment is often most needed . . . to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights." *Mullins v. DirectDigital, LLC*, 795 F.3d 654, 658 (7th Cir. 2015). Here, a person who has been discriminated against in violation of the ADA is not in a similar position. A successful ADA plaintiff is entitled to back pay and attorneys'

fees, which is usually sufficient incentive to ensure access to the courts. Thus, it is not an imposition to require an employee who believes he has been discriminated against in violation of the ADA to maintain his own case.

## IV. CONCLUSION

For the reasons stated above, Defendant's Motion to Strike Plaintiff's Class Claims (Dkt. No. 24) is granted.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Dated: 2/11/2020